## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MAINE

| | |
|---|---|
| TARA J. ROY,<br><br>    Plaintiff,<br><br>       v.<br><br>CORRECT CARE SOLUTIONS, LLC, et al.,<br><br>    Defendants. | Civil No.: 1:16-cv-00383-JDL |

### ANSWER OF DEFENDANTS STATE OF MAINE, DEPARTMENT OF CORRECTIONS, RODNEY BOUFFARD, AND TROY ROSS

Defendants State of Maine, Department of Corrections ("DOC"), Rodney Bouffard ("Bouffard"), and Troy Ross ("Ross") (collectively, the "State Defendants") answer Plaintiff's Complaint in the above-captioned matter as follows:

1.      Paragraph 1 states the legal grounds for Plaintiff's claims and does not require a response.  To the extent a response is required, the State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 1 and therefore deny same.

2.      Paragraph 2 states a legal conclusion and does not require a response.  To the extent a response is required, the State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 2 and therefore deny same.

3.      Paragraph 3 states a legal conclusion and does not require a response.  To the extent a response is required, the State Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations made in Paragraph 3 and therefore deny same.

4. The State Defendants deny that Plaintiff filed a charge on May 26, 2015, and otherwise admit the allegations made in Paragraph 4.

5. The State Defendants admit the allegations made in Paragraph 5.

6. The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 6 and therefore deny same.

7. The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 7 and therefore deny same.

8. The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 8 and therefore deny same.

9. The State Defendants admit the allegations made in Paragraph 9.

10. The State Defendants admit the allegations made in Paragraph 10.

11. The State Defendants admit the allegations made in Paragraph 11.

12. Paragraph 12 states a legal conclusion and does not require a response. To the extent a response is required, the State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 12 and therefore deny same.

13. The State Defendants admit the allegations made in Paragraph 13.

14.    Paragraph 14 states a legal conclusion and does not require a response.  To the extent a response is required, the State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 14 and therefore deny same.

15.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 15 and therefore deny same.

16.    Paragraph 16 states a legal conclusion and does not require a response.  To the extent a response is required, the State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 16 and therefore deny same.

17.    Paragraph 17 states a legal conclusion and does not require a response.  To the extent a response is required, the State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 17 and therefore deny same.

18.    The State Defendants admit the allegations made in Paragraph 18 to the extent they relate to DOC.  The State Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 18 and therefore deny same.

19.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the alleged date that Plaintiff started working for CCS, and otherwise admits the allegations made in Paragraph 19.

20.    The State Defendants admit that Plaintiff was supervised by CCS employees, and are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 20 and therefore deny same.

21.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 21 and therefore deny same.

22.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 22 and therefore deny same.

23.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 23 and therefore deny same.

24.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 24 and therefore deny same.

25.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 25 and therefore deny same.

26.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 26 and therefore deny same.

27.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 27 and therefore deny same.

28.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 28 and therefore deny same.

29.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 29 and therefore deny same.

30.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 30 and therefore deny same.

31.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 31 and therefore deny same.

32.    The State Defendants admit that on August 4, 2014, Plaintiff sent an email to the HSA that stated that a correctional officer used the words quoted in Paragraph 32, and are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 32.

33.    The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 33 and therefore deny same.

34.     The State Defendants admit that on August 26, 2014, Plaintiff filed an Incident Report with CCS saying that a correctional officer had refused to send an inmate to the clinic and had used the word "bitch" as he was hanging up on Plaintiff, and otherwise deny the allegations made in Paragraph 34.

35.     The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 35 and therefore deny same.

36.     Defendant Ross denies saying that Plaintiff was not allowed to make any more complaints about the officer, and the State Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 36 and therefore deny same.

37.     The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 37 and therefore deny same.

38.     The State Defendants admit that in August 2014, Plaintiff reported to the DON that a correctional officer called her a "bitch" on two occasions as already alleged in Paragraphs 32 and 34, and are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 38 and therefore deny same.

39.     The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 39 and therefore deny same.

40.     The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 40 and therefore deny same.

41.     The State Defendants admit that the CCS Vice President communicated with Defendant Ross about the incident described in Paragraph 34, and are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 41 and therefore deny same.

42.     The State Defendants deny the allegations made in Paragraph 42.

43.     The State Defendants admit that in September 2014, Plaintiff confronted a MSP Sergeant about a comment that a correctional officer allegedly told Plaintiff the Sergeant had made about her in August 2014.  The State Defendants admit that Plaintiff told the Sergeant that the correctional officer told her that the Sergeant had said something about a medical call getting Plaintiff "off her ass and moving."  The State Defendants admit that the Sergeant told Plaintiff he did not make the comment and that the Sergeant was unhappy if anyone said he did.  The State Defendants deny that the Sergeant made the comment that Plaintiff attributed to him, and deny that the correctional officer told Plaintiff that the Sergeant had made the comment.

44.     The State Defendants admit that Plaintiff submitted an incident report about the alleged comment described in Paragraph 43 to CCS, and are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 44 and therefore deny same.

45.     The State Defendants admit the Plaintiff submitted an incident report on or about September 23, 2014, complaining about a correctional officer with whom she was communicating on Facebook, who sent her a message on Facebook saying that a different correctional officer had been trying to get her fired.  The State Defendants deny that Plaintiff's report constituted a report of sexual harassment or retaliation, and are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 45 and therefore deny same.

46.     The State Defendants deny that Defendants Bouffard and Ross were aware of all of Plaintiff's complaints as alleged in the Complaint, and deny that Plaintiff reported conduct that constituted harassment or retaliation, or was unsafe.  The State Defendants admit that Defendants Bouffard and Ross generally had the authority to take action to correct harassment, retaliation, or unsafe conduct by MSP employees, in the event that they became aware of such conduct.

47.     The State Defendants deny the allegations made in Paragraph 47.

48.     The State Defendants deny the allegations made in Paragraph 48.

49.     The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 49 and therefore deny same.

50.     The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 50 and therefore deny same.

51.     The State Defendants admit investigating Plaintiff's actions in connection with an incident that occurred on September 26, 2014.  The State Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 51 and therefore deny same.

52.     The State Defendants deny the allegations made in Paragraph 52.

53.     The State Defendants admit that on September 29, 2014, a MPS Unit Manager interviewed Plaintiff concerning the incident described in Paragraph 43 of the Complaint.  The State Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 53 and therefore deny same.

54.     The State Defendants admit the allegations made in Paragraph 54.

55.     The State Defendants deny the allegations made in Paragraph 55.

56.     The State Defendants deny the allegations made in Paragraph 56.

57.     The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 57 and therefore deny same.

58.     The State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 58 and therefore deny same.

59.     The State Defendants deny the allegations made in Paragraph 59.

60.     The State Defendants deny the allegations made in Paragraph 60.

61.     The State Defendants deny the allegations made in Paragraph 61.

62.     The State Defendants deny the allegations made in Paragraph 62.

63.     The State Defendants deny the allegations made in Paragraph 63.

64.     The State Defendants deny the allegations made in Paragraph 64.

65.     The State Defendants repeat and reassert their responses to the allegations made in Paragraphs 1 through 64 as if fully set forth herein.

66.     Count I does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 66.

67.     Count I does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 67.

68.     Count I does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 68.

69.     Count I does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 69.

70.     Count I does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a

response is required, the State Defendants deny the allegations contained in paragraph 70.

71.     Count I does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 71.

72.     Count I does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 72.

73.     Count I does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 73.

74.     Count I does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 74.

75.     The State Defendants repeat and reassert their responses to the allegations made in Paragraphs 1 through 74 as if fully set forth herein.

76.     Count II does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a

response is required, the State Defendants deny the allegations contained in paragraph 76.

77.    Count II does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 77.

78.    Count II does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 78.

79.    Count II does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 79.

80.    Count II does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 80.

81.    Count II does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 81.

82.   Count II does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 82.

83.   Count II does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 83.

84.   Count II does not state a claim against Defendants DOC, Bouffard, or Ross, and therefore, the State Defendants are not required to respond.  To the extent that a response is required, the State Defendants deny the allegations contained in paragraph 84.

85.   The State Defendants repeat and reassert their responses to the allegations made in Paragraphs 1 through 84 as if fully set forth herein.

86.   The State Defendants deny the allegations contained in paragraph 86.

87.   The State Defendants repeat and reassert their responses to the allegations made in Paragraphs 1 through 86 as if fully set forth herein.

88.   The State Defendants deny the allegations contained in paragraph 88.

89.   The State Defendants repeat and reassert their responses to the allegations made in Paragraphs 1 through 88 as if fully set forth herein.

90.   The State Defendants deny the allegations contained in paragraph 90.

91.   Paragraph 91 contains Plaintiff's jury demand and, therefore, the State Defendants are not required to respond.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff cannot establish a *prima facie* case of unlawful discrimination or

retaliation against the State Defendants.

3.    Some or all of Plaintiff's claims are not enforceable through 42 U.S.C. § 1983.

4.    Defendant Bouffard's conduct did not violate any clearly established statutory or

constitutional right of which a reasonable person in Bouffard's position would

have known, and Bouffard is thus entitled to qualified immunity.

5.    Defendant Ross's conduct did not violate any clearly established statutory or

constitutional right of which a reasonable person in Ross's position would have

known, and Ross is thus entitled to qualified immunity.

6.    The State Defendants are not liable for discrimination or retaliation allegedly

committed by State employees, if it occurred at all, because none of the State

Defendants was Plaintiff's employer.

7.    Plaintiff's injuries resulted solely and exclusively from the acts of third parties

over which the State Defendants had no control.

8.    Plaintiff's alleged injuries were proximately caused by an independent and

efficient intervening cause, and not by any conduct of the State Defendants.

9.    To the extent the Plaintiff was injured, her injuries were not caused by the State

Defendants' conduct, but rather were the result of her own conduct.

10.   Plaintiff failed to exhaust her administrative remedies.

11.   The State Defendants used reasonable care to prevent and promptly correct any

alleged illegal harassment, discrimination, or retaliation, and Plaintiff

unreasonably failed to take advantage of the complaint mechanisms made available to her.

12. The State Defendants are not liable for discrimination or retaliation allegedly committed by State employees, if it occurred at all, because such conduct was prohibited by the State and falls outside the course and scope of employment.

13. The State Defendants are not liable for discrimination or retaliation allegedly committed by State employees, if it occurred at all, because the State Defendants had no actual or constructive knowledge of such conduct when it was allegedly occurring.

14. The State Defendants are not liable for discrimination or retaliation allegedly committed by State employees, if it occurred at all, because the State Defendants initiated a prompt and thorough investigation into any concern of which they were aware and took prompt action to remedy any alleged inappropriate conduct.

15. The State Defendants' actions were based upon legitimate non-discriminatory, non-retaliatory reasons.

16. Plaintiff failed to seek redress of her complaints.

17. Plaintiff's claims are barred by the doctrine of laches, estoppel and/or waiver.

18. Plaintiff's claims are barred by the applicable statutes of limitations.

19. The State Defendants made good faith efforts to comply with federal and state laws.

20. The State Defendants did not act with malice, evil motive, or reckless indifference to any statutorily or constitutionally protected rights of Plaintiff.  The State

Defendants acted reasonably, in good faith, and with due diligence towards Plaintiff.

21. Any claim by Plaintiff for compensatory damages against DOC is barred.

22. Any claim by Plaintiff for punitive damages against DOC is barred.

23. Plaintiff is not entitled to punitive damages because Defendant Bouffard did not act with malicious or reckless indifference to any of Plaintiff's rights or commit any knowing, willful, wanton, intentional, or malicious act.

24. Plaintiff is not entitled to punitive damages because Defendant Ross did not act with malicious or reckless indifference to any of Plaintiff's rights or commit any knowing, willful, wanton, intentional, or malicious act.

25. Plaintiff lacks standing to pursue injunctive relief against the State Defendants.

26. Plaintiff failed to mitigate her damages.

27. The State Defendants are entitled to offset any judgment against them by any amounts received by Plaintiff in unemployment benefits, wages or other earnings.

28. The State Defendants reserve the right to amend its answer and affirmative defenses with reasonable notice as discovery progresses.

WHEREFORE, the State Defendants request that the Court dismiss the Complaint and enter judgment in their favor and award them costs plus attorney's fees, and such other relief as the Court deems just and proper.

DATED:  September 23, 2016             Respectfully submitted,

                                       JANET T. MILLS
                                       Attorney General


                                       /s/ Valerie A. Wright
                                       VALERIE A. WRIGHT
                                       Assistant Attorney General
                                       Office of the Attorney General
                                       Six State House Station
                                       Augusta, Maine  04333-0006
                                       Tel.  (207) 626-8800
                                       Fax (207) 287-3145
                                       Valerie.A.Wright@maine.gov

                                       Attorneys for Defendants State of Maine,
                                       Department of Corrections, Rodney Bouffard, and
                                       Troy Ross

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2016, I electronically filed the above document

with the Clerk of Court using the CM/ECF system which will send notification of such filing to

the following:

      John P. Gause, Esq.
      jgause@easternmainelaw.com

      Melinda J. Caterine, Esq.
      mcaterine@littler.com

To my knowledge, there are no non-registered parties or attorneys participating in this case.

                    /s/ Valerie A. Wright
                    VALERIE A. WRIGHT
                    Assistant Attorney General
                    Office of the Attorney General
                    6 State House Station
                    Augusta, Maine  04333-0006
                    Tel.  (207) 626-8800
                    Fax (207) 287-3145
                    Valerie.A.Wright@maine.gov

18